IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CORDELL MOODY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0057-N |
| | § | |
| JOHN A., ET AL. | § | |
| | § | |
| Defendants. | § | |

### FINDINGS AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Cordell Moody, appearing *pro se* and *in forma pauperis*, has sued four employees of a Walgreens pharmacy in Dallas, Texas, for failing to fill a prescription for medication. Process has been withheld pending a review of the complaint under 28 U.S.C. § 1915(e)(2).

Plaintiff is no stranger to the civil justice system. Since 1989, he has been sanctioned three times by courts in the Eastern District of Texas, 11 times by courts in the Southern District of Texas, and three times by the Fifth Circuit for abuse of the judicial process while confined as a prisoner. In 2005, another judge in this district refused to allow plaintiff to prosecute a civil action because he had not paid the sanctions imposed by other courts. *See Moody v. Behjoo*, No. 3-04-MC-107-H, 2005 WL 65954 at *1 (N.D. Tex. Jan. 11, 2005), *rec. adopted*, 2005 WL 169341 (N.D. Tex. Jan. 25, 2005) (summarizing plaintiff's litigation history and outstanding sanctions orders). As of January 13, 2010, when plaintiff attempted to file yet another lawsuit in the Eastern District of Texas, he owed at least $100 in sanctions. *See Moody v. Jones*, No. 5-09-CV-183-DF, Mag. J. Rec. at 1-2, 5 (E.D. Tex. Jan. 13, 2010). Until all outstanding sanctions are paid in full, plaintiff is barred from filing any more lawsuits. *Id., citing Moody v. Alford*, No. 2-93-CV-58 (E.D. Tex. May 27, 1994).

This court is required to enforce sanctions against litigants imposed by other federal courts in Texas. *See* Misc. Order 48 (1993). Accordingly, the clerk should be directed to unfile the complaint and related pleadings tendered by plaintiff on January 13, 2010. In addition, the clerk should be instructed not to accept any further filings from plaintiff until he certifies under oath that he has paid all outstanding sanctions imposed against him.

## **RECOMMENDATION**

Plaintiff's complaint and related pleadings should be unfiled. The clerk should be instructed not to accept any further filings from plaintiff until he certifies under oath that he has paid all outstanding sanctions imposed against him.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE